# CHARLESTON.

## McCray v. Town of Fairmont.

Submitted January 30, 1899—Decided April 15, 1899.

1. MUNICIPAL CORPORATIONS—*Streets—Change of Grade—Surface Water—Damages.*

   A municipal corporation is not liable for damages to a lot by reason of change of a street's grade operating upon surface water, though it may increase it; but if the work operates, as its direct effect, to collect and cast water in a mass on the lot, the corporation is liable. (p. 443).

2. PLEADING—*Municipal Corporations—Change of Grade—Damages*

   A declaration against a municipal corporation for damages from flowage of water upon a lot from a change of grade of a street must allege that by the work water was collected and cast in a mass upon a lot. (p. 443).

3. MUNICIPAL CORPORATIONS—*Change of Grade—Measure of Damages.*

   In an action against a municipal corporation for damage to a lot from change of grade of a street, the measure of damages is the difference between the market value of the lot immediately before and immediately after the change. (p. 444).

4. INSTRUCTIONS.

   The practice of asking several instructions, expressive of the same law, condemned. (p. 444).

Error to Circuit Court, Marion County.

Action by Charles E. McCray against the town of Fairmont. Judgment for plaintiff. Defendant brings error.

*Reversed.*

W. S. HAYMOND, W. S. MEREDITH, and E. F. HARTLEY, for plaintiff in error.

B. B. DOVENER and U. N. ARNETT, JR., for defendant in error.

Brannon, Judge:

Charles E. McCray brought an action on the case in the circuit court of Marion County against the town of Fairmont to recover damages to buildings on a lot resulting from a change of grade in a street, in which there was a verdict for eight hundred dollars, and judgment, and the town has brought the case here.

The first point is a demurrer to the declaration, which was overruled. The cases of *Jordan* v. *City of Benwood*, 42 W. Va. 312, (26 S. E. 266); *Yeager* v. *Town of Fairmont*, 43 W. Va. 259, (27 S. E. 234,) and *Clay* v. *City of St. Albans*, 43 W. Va. 540, (27 S. E. 368), hold that flow of surface water upon property, though it injure it, caused by change of grade of a street, will not render a municipal corporation liable to damages; but if the corporation thereby collects a body of water, so that it ceases to be a mere drainage of surface water, and casts it in a mass upon a lot, it is liable. Therefore a declaration must allege that the corporation did thereby collect and cast water in a mass upon the lot, because, unless such is the case, there is no liability.

This declaration does not do so, and I think that those cases, notably the *Yeager Case*, would sustain the demurrer. The declaration only alleges that, by the change of grade, "the drainage of water upon said plaintiff's lot, the foundation and wall of said houses have become damp and weakened," so as to injure, etc. A certain kind of drainage is actionable, another kind not, and the declaration must state the kind that is actionable. This does not. In fact, the word "drainage" is used, which rather imports surface drainage, unless accompanied by averment telling what kind.

The second assignment of error is that the court refused to exclude all evidence of McCray tending to show damage from change of grade of any other street than Madison, or of any part of Madison street, except that part only in front of this house, as the declaration only assigned the change in grade of that street as the source of injury, and only the change in that street in front of this lot. Clearly, there could not be given evidence to show change of grade elsewhere than in front of this lot as the source and cause of injury, bcause the declaration imputes the damage to that alone, and gives no notice of any other change; but, if

I understand it, this evidence only went to show that water flowed from other streets, and other parts of Madison street, collected at the corner of this lot, and gathered and stood in front of it, overflowed the pavement and lot, and invaded the cellar, and dampened the walls, and left mud on the premises. So understanding it, I do not think the evidence objectionable. The same may be said as to the third assignment of error. The fourth assignment, the giving of plaintiff's instruction No. 5, is not discussed by counsel.

As to refusal of defendant's instructions: No. 5 says that, in estimating damages from change of grade, "as complained of in plaintiff's declaration," the jury should not consider any evidence to show that the property was damaged by flow of water. This instruction strikes at the foundation of the action. It is predicated on the theory that the declaration states, as to the water, no cause of action, and for the reason that it does not charge the collection and casting on the lot a mass of water, as stated above in passing on the demurrer, the instruction ought to have been given. The refused instruction 8 is that, unless the jury found from a preponderance of the evidence that the market value of the property was more immediately before the improvement than immediately after, the verdict must be for the defendant. Instruction 9 was just the same in legal effect, and there would be no error in giving one, and not the other. They both state the law correctly, under *Board of Education* v. *Kanawha & M. B. Co.* 44 W. Va. 71, (29 S. E .503,) and *Blair* v. *City of Charleston*, 43 W. Va. 62, (26 S. E. 341), and prior cases, and it would be error to refuse one of them, if instructions 1 and 3, expressive of the same legal proposition, had not been given. Why incumber the record with so many instructions expressive of the same law, imposing unnecessary labor on the courts, and, worse than all, confusing the jury? Judge Dent animadverted upon this practice in *Plate* v. *Durst*, 42 W. Va. 69, (24 S. E. 580). See *Shrewsbury* v. *Tufts*, 41 W. Va. 213, (23 S. E. 692). The assignment of error that the damages are excessive I will not discuss, but leave the evidence for another trial, for reasons which are stated in an opinion filed by me in *State* v. *Hull*, 45 W. Va. 767. Reversed, verdict set aside, and new trial.

*Reversed.*