[S. F. No. 4045.  Department Two.—June 7, 1905.]

In the Matter of the Estate of EZEKIEL WILSON, Deceased.
LAURA LE TOURNEUX, Appellant, v. A. N.
DROWN, Executor, etc., and RUTH BORDEN, Respondents.

ESTATE OF DECEASED PERSON — NOTICE TO CREDITORS — PERIOD OF PUB-
LICATION — ORDER VACATING DECREE — RES ADJUDICATA — FINAL
DECREE.—Where notice to the creditors of a deceased person was pub-
lished under order of the court for the period fixed, and in accord-
ance with the provisions of the code directing the presentation of
claims within four months, an order vacating a decree of the
publication of such notice at the instance of a creditor upon the
ground that the value of the estate exceeded ten thousand dollars,
is not *res adjudicata* as to such value; and upon final settlement
of the estate the court may readjudge due notice to creditors, and
that the estate never equaled in value the sum of ten thousand
dollars.

ID.—EFFECT OF RECITAL IN VACATING ORDER.—The recital in the order
vacating the decree of due publication of notice to creditors that
the value of the estate exceeded ten thousand dollars had no binding
force, and was not necessary to such order, which merely had the
effect to set the question of due publication of the notice at large,
leaving its determination to some appropriate future action.

APPEAL from a decree of the Superior Court of the City
and County of San Francisco establishing due notice to cred-
itors, settling the final account of an executor, and distribut-
ing the estate of a decedent.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Appellant.

J. F. Leicester, for Executor, Respondent.

James A. Ballentine, for Ruth Borden, Respondent.

HENSHAW, J.—The court made its order of publication
of notice to creditors in the above-entitled estate in due form
as required by law.  The administrator caused said notice to
be published in accordance with the order and with sections
1490-1491 of the Code of Civil Procedure, directing the

presentation of claims within four months after such publication, and upon the usual proofs, *ex parte,* the court made its decree establishing that due notice to creditors had been given.

Laura Le Tourneux was an alleged creditor of the estate. She failed to present her claim within the four months prescribed in the notice, but did present it within ten months. Moreover, she made application to the court in probate, based upon affidavit, to vacate its decree establishing due notice to creditors, asserting that the value of the estate exceeded ten thousand dollars, and the court, after hearing, made its order vacating that decree, stating in the order of vacation that it found the estate to be in value greater than ten thousand dollars. The administrator, resting upon the sufficiency of the publication already made, did nothing further until, the time arriving for the final settlement and distribution of the estate, he filed his petition in due form, seeking the settlement of his account and distribution of the estate, and asking that a decree should be entered establishing due notice to creditors. This matter was heard by the court, and the showing was indisputable that the estate did not and never had equaled in value the sum of ten thousand dollars. The court so found, and further found that the publication of notice to creditors had in all respects been duly made in accordance with law, and again made its decree establishing that due notice to creditors had been given. Laura Le Tourneux's claim was in litigation; the very obvious effect of the decree was to deprive her of all standing in that litigation, because, admittedly, she had not presented her claim within the four months required by law, if, in truth, the estate was of less value than ten thousand dollars. Accordingly, she appeals. Her contention upon the appeal is, that when the court made its order vacating its first decree establishing due notice to creditors, it found that the estate exceeded in value ten thousand dollars, that this finding was absolute and determinative of the question, that all parties were foreclosed by the finding, and that it was not a question open for future and later consideration.

Upon the other hand, it is contended that the sole effect of the order vacating the decree establishing due notice, was to set the question of the publication of due notice at large,

leaving its determination for some appropriate future action.

Such we conceive to be the true meaning of the order, and, indeed, the proper method of procedure. It will not often happen that the question of the value of an estate is a close one, but when this is the case, the provisions of our law in meeting it are somewhat singular. The judge in the first instance does no more than to direct a publication of notice in some designated newspaper of the county as often as he shall require, but not less than once a week for four weeks. He does this without knowledge of the actual value of the estate. The administrator in turn is required to publish the notice in the newspaper for the length of time directed, calling upon all persons having claims against him to exhibit their claims, with the necessary vouchers, either at his place of residence or business, as specified in the notice, and he is further called upon to prescribe in this notice the time limit within which such claims must be presented. If the estate exceed ten thousand dollars in value, then he is to call upon the claimants to present their claims within ten months from the date of the first publication. If the estate be less than ten thousand dollars, then to present them within four months. (Code Civ. Proc., secs. 1490-1491.) While the executor or administrator is so called upon to designate the time, his designation is not of course a judicial determination of the value of the estate, and is binding upon no creditor or claimant if the time limit be not the time prescribed by the law according to the value of the estate. Section 1492 contemplates that the administrator may obtain his decree establishing due notice after the notice has in fact been given, by presenting and filing a copy thereof, with the affidavit of due publication, and upon the production of such other testimony as may be satisfactory to the court. While in practice such decrees are taken almost as matter of course upon presentation and inspection of the statutory proofs, it may sometimes happen that the question of the value of the estate is an exceedingly close one, and that valuable rights may depend upon an exact determination of the value. It is not incumbent, therefore, upon the trial judge to make his decree at haphazard, nor upon partial and, what may prove subsequently to be, most unsatisfactory proof. The wisest course

to pursue in such a case might well be to wait until the time for distribution has arrived, when all the parties are regularly before the court, and when the value of the estate can be accurately determined. Such was the course which the judge here pursued. The showing made before him under the application to vacate his first decree establishing notice to creditors was doubtless sufficient to justify the order which he actually made vacating the decree. No binding force attaches to the further declaration that the value of the estate exceeded ten thousand dollars. It was not necessary to the order which was actually made, and cannot be construed as a final and definitive determination of that issue of fact. It was sufficient for the court to have said that "Because of doubt entertained as to the value of the estate, I will vacate the decree, leaving the matter open for full consideration and final determination when the estate comes to be closed." It follows, therefore, that the order of the trial court vacating its decree establishing due notice to creditors was in no sense a judgment upon the facts so as to constitute *res judicata* between the parties, and had no other or further effect than to clear the way for a proper determination of this disputed point. In effect, it reserved the determination until the time for distribution arrived, at which time it was made clearly to appear that the estate was, and always had been, of less value than ten thousand dollars. Such being the fact, the publication of notice to creditors was sufficient, both as to form and substance, and proper proofs having been made to the court, its decree establishing due notice was in all respects regular.

While an appeal does not lie from a decree establishing due notice to creditors, as such, in this instance that decree was embraced in the decree settling the final account of the executor and making final distribution of the estate, and the appellant in terms appeals from such decree.

The decree appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.