## CHARLESTON

### TRACEWELL v. COUNTY.

Submitted June 15, 1905.    Decided November 7, 1905.

1. INSTRUCTIONS.,
      An instruction must not submit a question of law to the jury. (p. 284).

2. WATERS—*Surface Waters.—Damages.*
      In an action against a county court for damage from collecting surface water in a ditch along a county road and casting it in a body upon land, the rule, as a measure of damages, that if the land is worth as much in market value after the injury as before, no recovery can be had, does not apply. Nor can general benefits in increase of value or otherwise from the construction of the road common to all in the vicinity be set off against such damages. (p. 285).

3. PUBLIC ROAD—*Surface Waters.*
      A county court which, by a ditch made by it along a public road for drainage, collects surface water and casts it in a body on land, doing damage, is liable for such damage by reason of section 9, of Article 3 of the Constitution.   (p. 286).

Error to Circuit Court, Wood County.

Action by W. S. Tracewell against the Wood county court. Judgment for defendant and plaintiff brings error.

*Reversed.*

V. B. ARCHER and WM. BEARD, for plaintiff in error.
JOHN F. LAIRD, for defendant in error.

BRANNON, PRESIDENT :

W. S. Tracewell brought an action of trespass on the case against the county court of Wood county and it resulted in a verdict and judgment for the county court, from which Tracewell has sued out a writ of error.   The action was for damages to the land of the plaintiff on the side of a high hill adjoining the city of Parkersburg, known as Ft. Boreman, on which land the plaintiff had dwelling houses standing upon foundations.   The declaration alleges that the county court had recently constructed a public road along the side of the steep hill above the plaintiff's land, and had made drains or ditches along the same, which drains or ditches collected in a body surface water flowing upon the hillside in great quantity, and cast the same in a body upon the plaintiff's land, carrying and depositing mud and sediment upon it, cutting and eroding its surface, creating dampness under the dwelling houses, rendering them unhealthy, injuring their foundations, and causing the surface of the ground to slip and loosen the foundation of the dwellings.

The plaintiff assigns it for error that the court gave an instruction saying that a county court is not responsible to an individual in damages for injury sustained in .consequence of the neglect of the county court, its officers or agents, to perform any duty enjoined by law, unless action is expressly or by necessary implication given by the Constitution or statute; and that therefore, in this case the jury is instructed that even though they believe from the evidence that the real estate described in the declaration as belonging to the plaintiff when the cause of action claimed to have arisen actually belonged to the plaintiff, and even though the jury should believe that the real estate by reason of the failure and neglect of the defendant to properly construct and keep in repair the ditches, drains, water-ways, channels and sluices mentioned in the declaration, yet unless the jury believe that the same constituted a portion and part of the public road mentioned in the declaration, they should find for the county court.   This instruction is bad.   First.   It puts a proposition of law to the jury for its decision.   It leaves it to the jury to say whether by law the facts stated in the declaration and evidence would give an action, and as if connected with that question, it says that if the plaintiff was injured by the ditch, yet there could

be no recovery if the ditch was not part of the road. If the ditch was not part of the road how could there be recovery? Or how could there be any connection of this clause with the legal proposition? There was no evidence tending to show that the county court had constructed a ditch independent of the road. There is no connection between that legal proposition put to the jury in the opening of the instruction and the hypothesis of the ditch not being a part of the road. The instruction is confusing, inconsistent, misleading. A legal proposition should not be put to the jury for its decision. What had that legal proposition to do with the theory that the ditch was not a part of the road? Second. There was no evidence of any ditch made by the county court separate and apart from the road, and the instruction put a theory not arising upon the evidence, introduced before the jury a question not fairly arising on the evidence.

Instruction four says, that even if the jury should believe from the evidence that by reason of the construction of the road, or by failure to keep in repair the ditches, more water was caused to flow upon the land of the plaintiff than flowed or spread on it before such construction or failure to keep in repair, this would not entitle the plaintiff to recover, unless by reason of such construction or failure to repair surface water was collected and cast in a body or mass upon the property of the plaintiff. I think the instruction bad, because it goes on the theory that more surface water, spreading as surface water, went upon the plaintiff's land after the construction of the road than before, and presented a question of fact not developed by the evidence; for whatever the evidence tended to show as to increase of water, or flowage of water, upon the plaintiff's land, it was not as surface water continuing as such, but in a body. It is true that the legal proposition put in that instruction is sound. To render the defendant liable its work must gather surface water and cast it in a body upon the plaintiff's land. *McCray* v. *Town of Fairmont*, 46 W. Va. 442; *Clay* v. *St. Albans*, 43 *Id.* 259. The instruction does not, however, seem fitted to the evidence.

Instruction number three says: "The jury is instructed that, unless they believe from the evidence that the ditches and drains * * * * * mentioned in the declaration, are part of the public road of Wood county mentioned

therein, or that by reason of construction of the road mentioned in the declaration of this cause, they should find a verdict in favor of the county court, as under the law a county court is not liable for damages sustained by any person by reason of any defect in a drain or ditch, unless said drain or ditch form a constituent part of a public road." As above stated no evidence tended to show that the ditch was not a part of the public road. All the evidence tended to show that it was made by the court as a part of the road. Therefore, the instruction puts a theory not arising from the evidence. It is irrelevent to the case. But it is vague and incomplete in one of its material clauses. That clause in the words "or that by reason of construction of the road mentioned in the declaration in this case." What followed by reason of the construction of the road? If the jury believed that by reason of the construction of the road, what ? Instructions must be clear, not obscure. The sentence is incomplete. There is no evidence tending to dislocate the ditch from the road.

Instruction five told the jury that surface water is like the water of the sea which each may fight, consume, repel or expel without regard to any injury to another proprietor, an exception being that such water cannot be collected and then cast in a body upon the property of another; and that if the county court constructed the ditches on its property for the purpose of draining off from its property the surface water, the court had right to take such action, as it would not be liable for damages from the flow of such water, unless through construction or failure to keep in repair such ditches surface water was collected and thrown in a body or mass upon the land of the plaintiff. This instruction is criticised on the ground that there was no evidence to show that the county court was making simply an effort to keep surface water from its road. This criticism is untenable. For what was the ditch made? The defendant had right to make a ditch to keep the surface water from its road, but could not gather it in a body and cast it upon the plaintiff's land.

Instruction six told the jury that the measure of the damages to the property of the plaintiff would be the difference in its market value immediately before and immediately after the time when it was claimed that the damage was inflicted,

and that if the plaintiff's property was worth as much after as before the injury, the jury must find for the defendant. *McCray* v. *Fairmont*, 46 W. Va. 442, and *Blair* v. *City of Charleston*,, 43 *Id*. 62, are cases relied on for this proposition. Those cases do not apply to this case. They relate to the permanent damages to property by reason of change of grade of a street, enduring damages, while this case is for transient, or intermittent injury, ensuing from a removable cause. If a work of internal improvement, like change of grade, leaves the property fully as valuable as before, the owner is not injured; but can we conceive that any one may gather surface water in a ditch and cast it in bulk upon a town lot, filling the lot with mud, flowing under a house, depositing debris upon the surface and greatly injuring the daily use of the property, and defend himself by saying or proving that the property will still bring as much as before? We do not think the rule put for this instruction is applicable in this case. The same objection applies to instruction eight. The grading of a street by competent authority is a lawful act; the casting of surface water in a body upon a lot is not. There is a difference. The objection to the evidence of Tracewell going to prove that coal and wood could be hauled to his premises by the new road was improper. It only tended to show benefit to him from the new road common alike to him and all others. He could not be charged with them in offset against any damages he might be entitled to. The evidence of Straus, Deem and Kirk tending to show that the property of the plaintiff was worth as much after the alleged injury as before, and to show an appreciation of property along the road would be inadmissible under principles just stated.

Instruction one for the defendant was objected to. It told the jury that the burden of proving the allegations of the declaration was upon the plaintiff, and if the jury should believe from a consideration of all the evidence that the plaintiff had failed to prove his case, the jury should find for the defendant, and that the law did not require the defendant to prove that it was not guilty of inflicting the damage charged in the declaration, but that on the contrary the law required the plaintiff to "convince" the jury that he had sustained loss, and that the defendant was responsible therefor. We see no

objection to this instruction. The word "convince" is not improper in such case. The jury would have to be convinced by the evidence of the facts necessary to convict the defendant of the wrong attributed to it.

Instruction eight is bad, because it told the jury that if the construction of the road and ditches resulted in a special benefit to the plaintiff's property by reason of increase in market value, or "otherwise," then such special benefit might be offset against "any such damage permanent to the property arising from construction of the road to the extent that the jury may decide to be right and proper." Now, the word "otherwise" as to the benefit is indefinite. What benefit besides increase in market value is here meant? Did the evidence tend to show any special benefit? Increase of value would be common to all, and should not be charged against the plaintiff. *Guyandotte Co.* v. *Buskirk*, 57 W. Va. 417. Can we set off increase of value by reason of the construction of a new road, a result common to all of the neighborhood, against that damage which comes to a particular property owner from the flowage upon his lot of surface water in body resulting from ditches made in the construction of the road? Can you enter into a process of debit and credit in such case by taking the damage and setting off the benefits? We do not think you can do this in such a case. And in this instruction the damages spoken of are permanent. Is the word permanent here meant as relating to a cause that is permanent? This case is not one for permanent damages, because the source of the injury could be remedied, the damages occasional or intermittent, and besides all evidence of damages after suit was excluded, and we do not see that the introduction of the question of permanent damages was proper in this case.

Instruction nine says that though the property of the plaintiff was injured, yet if it was due to unusual flood or extraordinary rainfall out of ordinary experience, and that the injury would not have occurred except for such unusual flood and rainfall, and not from the construction of the road, the jury should find for the defendant. This legal proposition is sound. *Clay* v. *St. Albans*, 43 W. Va. 539. But there is no evidence tending to prove that state of facts, unless it be of rains after the suit. That evidence was excluded, or rather

the jury was told that no damage was claimed after suit was brought.

An instruction was given that the law did not require the county court to furnish a drain or ditch to carry water away from the premises of the place.   There was no such question before the jury.   No one claimed that 'the defendant was bound to make a drain carry to away the water from plaintiff's land.   It was irrelevent to the case before the jury.

An instruction was given to the effect that Art. 3, § 9, of the Constitution, that private property shall not be taken or damaged for public use without compensation, does not make a county court liable for damages from surface water where a private individual would not be liable.     Probably so ; but this instruction affords no rule for the guidance of the jury. It leaves it to the jury to say when a private individual would be liable by law.   It makes the jury the judge of the law.   It left the jury to say when an individual would be liable by law, and if he would be liable, then the county court would be liable, and if he would not be liable, the court would not be liable.   The instruction is no guide to the jury.

An instruction was given that if the jury believed that the plaintiff sustained damage, and that damage was all since the institution of the suit, and none before, the jury should find for the defendant.   This is utterly irrelevant to the case.   No such question arose from the evidence.   The plaintiff disclaimed recovery from any damage after the suit.

We do not understand that any contention was made that if the cause of action stated in the declaration was sustained by proof the county would not be liable.   *Watkins* v. *County Court,* 30 W. Va. 657, is cited for the county court, but for what purpose does not appear.   It was used on the trial— referred to in an instruction.   It is not in the brief relied upon to disprove the liability of a county court for any public work which injures private property, either by an act which amounts to "taking" or only damages the property. That case has no application to this case, whatever may be the object of counsel in referring to it.   He makes no argument to apply it to this case.   That case denies recovery against the county for damage to the person from a tree left standing too close to the road which fell upon the person. It was claimed that the county should have cut it down.   That

was damage to the *person*, and the principle stated in that case is doubtless sound, namely, that a county is not liable for a wrong inflicting injury done in discharge of the public functions of the county court where no statute gives action. But that case sustains this action, if its cause be proven, because that case says that a county is liable, if there be express law holding it liable for an act, and in this case the action is based on the provision of the Constitution and of section 1, chapter 42, of the Code, ruling that case, saying that "private property shall not be taken or damaged for public use without just compensation." It makes a county court, as well as a municipal corporation, liable for its acts and works which take or damage private property without the consent of the owner or without compensation. But for that provision the county would not be liable. If a city is liable to a lot owner for consequential damages from change of grade of a street, why is not a county liable for damage to land from water thrown upon it by a road ditch? Both injuries come from the performance of public functions by the public authority. Indeed, if any difference, the case of the county is plainer for liability, because it causes a physical invasion of the property. It is a taking, and actionable under the Constitution as it was before the words "or damaged" were put in it. "Discharging water upon it" (land) is a taking within the meaning of the Constitution. "A deposit of stone and rubbish upon land is such a taking as to require compensation." Mills, Em. Domain, § 30. "The backing of water so as to overflow the lands of an individual, or any other superinduced addition of water, earth, sand, or other material or artificial structure placed on land, if done under statute authorizing it for the public benefit, is such a taking as by the constitutional provision demands compensation." *Pumpelly* v. *Green Bay Co.*, 13 Wallace 166. But this is not material, in view of the addition of the words "or damaged" to the clause as it was before the Constitution of 1872. This subject is discussed in *Johnson* v. *City of Parkersburg*, 16 W. Va. 402. The same rule of liability applies to the county courts and to municipal corporations. It is useless to rediscuss this matter. See 15 Cyc. 656; *County* v. *Brower*, 2 Am. St. R. 714; *Chicago* v. *Taylor*, 125 U. S. 161; Louis on Eminent Domain, §§ 89, 229; *City* v. *Cramer*, 13 Am. St.

R. 504; *Wendel* v. *Spokane*, 91 Am. St. R. 825; *Brown* v. *City*, 31 Pacific, 313, 314.

For these reasons we reverse the judgment, set aside the verdict and grant a new trial.

*Reversed.*