# CHARLESTON.

PERKINS *et al.* v. CITY OF PRINCETON.

Submitted March 13, 1917.    Decided March 27, 1917.

1. MUNICIPAL CORPORATIONS—*Altering Grade of Street—Damages.*

    For altering the grade of a street after owners of abutting property have built on their lots with reference to the then existing grade, to their injury and detriment, a city is liable in damages to the extent of the depreciation in the market value of the property occasioned thereby.  (p. 96).

2. SAME—*Altering Grade of Streets—Action for Damages.*

    Injury by such alteration is a distinct ground of action. (p. 96).

3. SAME—*Change in Grade of Streets—Damages—Elements.*

    As an incident, factor or element of such injury, but not as a substantive ground of action, exposure of the property to inconvenience and injury from rain, snow and surface water may be proved, on the trial of the action for recovery of damages on account thereof.  (p. 96).

4. SAME—*Change in Grade of Streets—Damages—Depreciation in Value.*

    Since the comparison of the antecedent and subsequent market value for determination of the depreciation, is theoretically contemporaneous with an instantaneous alteration, general depreciation in values at or about the date of the alteration is immaterial. (p. 95).

Error to Circuit Court, Mercer County.

Action by Ada B. Perkins and others against the City of Princeton.  Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Hartley Sanders* and *John R. Pendleton,* for plaintiffs in error.

*John M. McGrath,* for defendant in error.

POFFENBARGER, JUDGE:

For alleged errors in rulings upon offers of evidence rejected, objections to evidence admitted, an objection to an instruction given and a request for an instruction refused,

on the trial of an action for recovery of damages to real estate, occasioned by an alteration of the grade of a street on which the property abutted, the defendant sought a new trial, and complains on this writ of error to the judgment, of the refusal thereof.

The property in question was situate at the intersection of North Walker Street and Honaker Avenue, in the city of Princeton, and consisted of a corner lot and a hotel building erected thereon. The improvement by which it is alleged to have been damaged, was made on North Walker Street, one of the main thorough-fares of the city. Running in front of the hotel property and up and down declivities, it extends to the court house which seems formerly to have been the central point of the town. Before this improvement was made, it was unpaved and, of course, occasionally muddy. The hotel property lot lies in a ravine or small valley and the frontage thereof is nearly level, but the street ascends a grade on each side of it. The improvement consists of alterations of the grade, pavement of the street and construction of ten-foot sidewalks. This, of course, disposed of the mud holes and mud, improved the grade and facilitated travel. The hotel structure was a two story building one portion of which was brick and the other frame. The entire length of the building was 82 feet. In the original condition of the street, the entrance to the brick portion of the building was slightly above the street and the frame portion thereof just about level with the sidewalk. The change in grade put the entrance to the brick building at about the elevation of the sidewalk and the floor of the porch of the frame portion thereof about a foot and a half or two feet below the sidewalk.

The property was used for hotel purposes, in the condition in which it was left by the alteration of the street and sidewalk, for a period of about four years, and the cost of raising the frame part and betterment of the entire building was $1,558.00. The estimated cost of the improvements consisting of an increase of four feet in length, the addition of some small closets and the repainting of the property, was $240.00, which deducted from the total cost, leaves $1,318.00,

as the estimated cost of the alteration necessitated by the city improvement. Much of the testimony concerning injury to the property relates to inconveniences from, and exposure to, damaging elements, in the four year period intervening between the completion of the city's improvement work and the completion of, the owner's improvements. Rain and snow blown in on the porch of the frame portion of the building, within that period, made accumulations of water, snow and ice there. This imposed additional labor in the care of the property, injured and damaged it and rendered the premises more or less dangerous at times. As the sidewalk sloped to the street, the improvement did not collect and cast water upon the premises in quantities or drainage or flowage. Though the declaration is broad enough in its allegations to justify admission of evidence of injury to the building and deprivation of full enjoyment of the use thereof, by reason of exposure to trash, dirt and water, no claim for damages of that kind was asserted. Considerable evidence of such inconvenience and injury was introduced, but its purpose was to prove general depreciation in the value of the property, not special damages occasioned by the injury. In other words, the case was tried on the theory of right to permanent, not temporary, damages and assertion of a claim therefor. At the instance of the plaintiff, the jury were instructed that the measure of damages, in case they should find for the plaintiff, was the difference between the market value of the property immediately before the change in the grade of the street and its market value immediately thereafter, less any special and peculiar benefits to the property arising from improvement of the street. The proof of exposure to injury and of resultant inconvenience was adduced to demonstrate the necessity of altering the building for preservation and profitable use and enjoyment, not as ground of recovery for the inconvenience suffered and injury occasioned by the exposure, before the frame building was altered. Neither in the evidence nor in any instruction is there a specification or claim of right of recovery on that ground. In the six instructions given at the instance of the defendant and another requested and refused, the nature of the claim as defined in the instructions given for the plaintiffs was adhered to.

Under these instructions and upon the evidence adduced, the jury found for the plaintiffs and assessed the damages at $400.00.

An effort was made to elicit from some of the plaintiffs' witnesses, by cross-examination, the fact that there was a general depreciation in the value of the plaintiffs' property and of all other property in the section of the town in which it was located, at or about the time of the improvement complained of, by a shifting of business and settlement toward another section, and that the prices of property in the neighborhood in which the hotel was located, were considerably inflated immediately before the improvement of the street. All of this the court ruled out. Upon a proper application of the legal test of reduction in market value by reason of street improvement, the general depreciation of values in the neighborhood of the property is immaterial. Theoretically, the comparison of the value immediately after with the value immediately before allows but an instant of time and affords no room for the operation of general appreciation or depreciation. *Guyandotte Valley Railway Co.* v. *Buskirk Bros.,* 57 W. Va. 417; *Parks* v. *Boston,* 15 Pick. (Mass.) 198; *Cobb* v. *Boston,* 112 Mass. 181; *In re Department of Parks,* 53 Hun. (N. Y.) 280; *Railway Co.* v. *Swinney,* 59 Ind. 100; *Kerr* v. *Park Commissioners,* 117 U. S. 379. The trial court enforced this rule rigidly in its supervision of the examination of the witnesses. In the case of one of those from whom information of general depreciation was sought by cross-examination, the court, after stating the rule, asked him if he based his opinion as to the difference in market value upon the fact that the street was raised and left the building relatively lower than it was before, and the response was affirmative. The other from whom such information was sought was treated in the same way. After having stated on his examination in chief, what he thought the damage was, the court very fully and carefully explained the rule to him and required him to state the value both before and after. He was then asked if, in his opinion, the property was peculiarly benefited and he replied that he did not think so. No error in these rulings is perceived.

Whether the questions were proper. on cross-examination, it is not necessary to say.

An assignment of error based upon the refusal of the court to permit a witness to answer a question propounded on cross-examination, as to whether the prices of real estate in the neighborhood of the hotel were inflated immediately before the improvement was made, by reason of encouraging prospects for the town, is not well taken, since there was no avowel of what the answer would have been, if the relevancy of the matter referred to and the propriety of the question on cross-examination be conceded. *State* v. *Clifford,* 59 W. Va. 1, Syl. 9.

The admission of the testimony of two or more witnesses to the blowing in and collection of rain water and snow on the porch of the frame part of the building, before it was elevated to the level of the sidewalk or a point above it, was obviously proper. Right of recovery of damages for such an alteration of the grade of a street as exposes buildings on abutting lots to injury in any manner and curtails their usefulness and their convenience and comfort to occupants for residence or business, is well settled in this state. *Godby* v. *Bluefield,* 61 W. Va. 605; *Barnes* v. *Grafton,* 61 W. Va. 408; *Blair* v. *Charleston,* 43 W. Va. 62. Circumstances not constituting in themselves substantive grounds of action may well be admitted in evidence as tending to prove loss of market value of the property, which is such a ground. In the absence of that ground, the same thing might itself be actionable. But it cannot well operate in both ways at the same time. The collection and casting of surface water upon a lot in bodies would be actionable, but the mere running of surface water from one lot to another, in consequence of the improvement of the former would not be. However, if the raising of the grade of a street impairs access to a building on an abutting lot and the situation thus produced is aggravated by accumulations of surface water, snow and ice which would not otherwise occur, these facts all enter into the reduction in the market value of the property, occasioned by the raising of the grade. The resultant annoyances from rain, snow and ice are only some of the numerous inconveniences caused

by the alteration of the grade, which itself constitutes the ground of action. It impedes access and may interfere with view, light and air. Loss of these advantages may not be substantive grounds of action, but they are incidents or factors of the injury resulting from the raising of the grade. There is a distinction in this respect between a vacant lot and one on which there is a building. *Blair* v. *Charleston,* 43 W. Va. 62. The argument ignores this distinction. *Jordan* v. *Benwood,* 42 W. Va. 312; *McCoy* v. *Fairmont,* 46 W. Va. 442; and *Yeager* v. *Fairmont,* 43 W. Va. 259, only deny right of action for injury by means of surface water as a substantive ground of action.

Two questions seeking the opinions of witnesses, as to the amount of the damages, if any, occasioned by the raising of the grade, less special, but not general, benefits were objected to on the ground that they suggested injury. Revelation of the subject matter of any question necessarily carries with it a suggestion. If this objection should be sustained, it would be very difficult to propound a question in any trial, and the rule might vex the proposer himself, when he happens to carry the burden of proof. The 'questions do not suggest answers desired.

The instructions were in the usual form. No error therein is perceived. The subject matter of the rejected instruction offered by the defendant is clearly embraced by its instructions Nos. 4 and 6.

The judgment is clearly right and will be affirmed.

*Affirmed.*