# CHARLESTON.

## MARTIN *et al. v.* MONONGAHELA RAILROAD CO.

### Decided December 15, 1900.

1. DECLARATION—*Duplicity.*

    Under our statute law a demurrer will. not lie in any case because of duplicity in a declaration.  (p. 543).

2. DEMURRER—*Parol Evidence.*

    A court can consider no sort of parol evidence, such as the declaration of the parties before, at the time of, or after the execution of a contract in writing; nor can the court call in aid any kind of parol testimony to alter, explain, or modify a written contract, if it is free from ambiguity on its face.  (p. 544).

3. PAROL EVIDENCE—*Valid Contract.*

    Parol evidence will not be received to ingraft upon or incorporate with a valid written contract an incident occurring contemporaneously therewith, and inconsistent with its terms. (p. 544).

Error to Circuit Court, Harrison County.

Action by Hugh M. Martin and others against the Monongahela Railroad Company.  Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

JOHN BASSEL, for plaintiff in error.

MELVIN SPERRY, for defendants in error.

ENGLISH, JUDGE:

Hugh M. Martin in his own right, and Mary Alta and Hattie L. Martin, infants suing by their next friends Hugh M. and Edith E. Martin brought an action of *assumpsit* against the Monongahela R. R. Co. in the circuit court of Harrison County. The action was predicated upon the alleged breach of a covenant contained in a deed executed by Jesse V. Martin and wife to the defendant for a right of way through the lands of the grantor by which the defendant was to make and maintain necessary and convenient crossings, not less than two in number, and˙erect and maintain gates in the fences at such crossings.  This contract was made in the life time of said Jesse Martin, and by his will

he devised the land over which said right of way passes to the plaintiffs.

The defendant demurred to the declaration, and each count thereof. It contained two counts, and the court sustained it as to the first and overruled it as to the second. While the first count is somewhat informal, yet we regard it as sufficient under section 9 of chapter 125 of the Code. The second count is more formal and sets forth the cause of action more clearly; so that so far as the form of the declaration is concerned we think it is not demurrable.

The plaintiffs in their declaration claim that their testator in his life time was damaged by the defendants failure to comply with the covenant; and that they have suffered damage also by reason of such failure, to the amount on the whole, of five thousand dollars; which must be regarded as duplicity in pleading for the reason that the personal representatives of said Jesse Martin would be entitled to recover the damges which accrued by breach of said contract during the life time of said testator; and the devisees would be entitled to recover the damages accruing subsequent to his death. On this point the law is stated thus in the A. & E. Enc. of Law (2d Ed.) 162: "The heirs of a covenantee have a right to the benefit of a covenant running with the land of their ancestor and may maintain an action for a breach thereof which occurs after his death." Citing numerous authorities.

Under the title Covenant, Enc. Plead. & Prac. vol. 5, page 354, we find it stated that "The rule in regard to the bringing of actions by personal representatives for the breach of a covenant in favor of the decedent is this: When the covenant in regard to real estate such as a covenant against incumbrances or a covenant to convey, is broken in the lifetime of the testator the personal representative is entitled to the damages and is the proper party plaintiff in an action to recover them." And on the next page it is said: "Though a breach of covenant in regard to land be broken in the lifetime of the testator, yet if it be a continuing breach in the lifetime of the devisee, the latter may maintain an action for the recovery of the damage occasioned."

Now, while no effort seems to have been made by the pleader to separate the amount of damage claimed to have accrued during the testators lifetime, from that accruing after his death, yet this can only be regarded as duplicity, and this Court held in

*Baker* v. *Sweeny et al.,* 13 W. Va. 158, that "under our statute law no demurrer will lie in any case because of duplicity in a declaration."

The testimony adduced in the case was submitted to the jury without exception or objection, and a verdict was rendered for one hundred and fifty dollars damages, and the defendant moved the court to set the verdict aside and grant it a new trial upon the ground that the verdict was contrary to the weight of the evidence, and without evidence, and because the court refused to give the first instruction asked for by defendant, and refused to give the second instruction as prayed for by it; which motion was overruled, the defendant excepted, the jury were taken to view the premises, and on their return found the verdict aforesaid, and the defendant obtained this writ of error.

The first instruction asked for by the defendant reads as follows:

"If the jury find from the evidence that the lower or northern crossing is not on one side of the track of as easy grade as it might be made, and if the jury further find that in consequence of such grade the plaintiffs have sustained damages, and if the jury further find that said crossing could have been made of easy grade by making a fill on one side of said railroad track, then the jury should find as damages no more than such sum as it would require the plaintiffs to expend in making such fill."

The defendant also asked the following instruction: "In determining the kind of crossings that should be made and maintained by the defendant the jury may take into consideration what occurred between Jesse V. Martin the devisor of the plaintiffs and the agent of the defendant at the time the verbal agreement was made between said Martin and the agents of the defendant for that purpose of a right of way through the land of said Martin; that is, the jury may consider in determining the character of such crossings what was said as to the character and kind of crossings to be made by the defendant when such verbal agreement was made between the agents of defendant and said Martin." This instruction the court refused, but gave in lieu thereof the following: "In determining the location of crossings that should be made and maintained by the defendant, the jury may take into consideration what occurred between Jesse V. Martin the devisor of the plaintiffs and the agents of the defendant at the time the verbal agreement was made between

said Martin and the agents of the defendant for the purchase of the right of way through the land of said Martin, the jury may consider in determining the location of such crossings what was said as to the location of crossings to be made by the defendant when such verbal agreement was made between said agents or defendants and said Martin."

As to the first instruction asked by defendant and refused by the court, I cannot think its rejection an error, for the reason that it was the duty of the defendant under the agreement to construct a convenient crossing, and having failed to do this, the expense of making an easy grade by making a fill at the northern crossing is not the only element of damage the jury had a right to consider, when it appears that for so long a time the plaintiffs had been deprived of a convenient crossing from one part of the farm to the other, by the failure of the defendant to comply with its contract.

As to the second instruction asked for by the defendant, it was not entitled to it in the form in which it was asked, or as it was modified by the court, because the agreement in regard to these crossings was reduced to writing and the law presumes, where such is the case, that the preceding colloquy in regard to the subject matter of the contract was embodied in the written agreement.

This contract cannot be said to be ambiguous. In *Crislip, Guardian* v. *Cain,* 19 W. Va. 442, (point 19 of syllabus) it was held that, "if a deed or contract is rendered ambiguous in the manner just spoken of, the court for aid in interpreting the same may consider parol evidence of the circumstances which surrounded the parties, and their situation when the contract or deed was made, and also the conduct of the parties in carrying the contract into execution; but the court can consider no sort of parol evidence such as the declaration of the parties before, at the time of, or after the execution of a deed or contract, nor can the court call in aid any kind of parol testimony to alter, explain or modify the written contract or deed if it is unambiguous on its face." See also *Towner* v. *Lucas's Ex'r,* 13 Grat. 705.

All that this contract required of the defendant was to make and maintain necessary and convenient crossings not less than two in number and to erect and maintain gates in the fences at such crossings. The jury was taken to view the premises, and after hearing the testimony has said by its verdict that the

defendant has failed to comply with its contract, and fixed the damages at one hundred and fifty dollars, and in my opinion the court committed no error in overruling the motion to set aside the verdict. The judgment is affirmed.

Note by JUDGES BRANNON, McWHORTER and DENT:

We do not concur in JUDGE ENGLISH's opinion so far as he holds that there is duplicity of pleading in this case; but are of opinion that it is governed by the case of *Newlon* v. *Reitz,* 31 W. Va. 483, and *Robrecht* v. *Marling's Administrator,* 29 W. Va. 765. That under these decisions there is neither a misjoinder nor duplicity in pleading, and the demurrer to the third count was properly overruled, it not being special as to the matter on which no recovery could be had. There was some evidence admitted tending to prove this improper matter, but the verdict was only for one hundred and fifty dollars, and this Court is unable to "clearly see from the evidence or facts that by such illegal evidence injustice has been done to the plaintiff in error, and by such evidence the verdict has been increased, and such excess so made be within the jurisdiction of the court," and therefore we fully concur in the conclusion reached.

*Affirmed.*