# CHARLESTON.

ELLEN HOWARD v. VIRGINIAN RAILWAY COMPANY.

(No. 5622)

Submitted October 19, 1926.   Decided October 26, 1926.

1.  TRIAL—*Instruction Submitting Question of Law for Jury's Determination is Erroneous; Instruction, if Defendant's Servants Wrongfully and Unlawfully Entered on Premises of Plaintiff's Husband and Killed Cow in Sight and Hearing of Plaintiff, Causing Nervous Shock and Physical Ills, to find for Plaintiff, Held Erroneous, as Leaving it to Jury Whether Defendant's Servants Were Lawfully on Premises.*

    An instruction which submits a question of law for jury determination is erroneous.   (p. 434.)

    (Trial, 38 Cyc. p. 1511.)

2.  APPEAL AND ERROR—*Where Binding Instruction Was Given, Submitting Question of Law on Controlling Issue, Order Setting Aside Verdict for Erroneous Instructions Will Not be Disturbed.*

    Where a motion is made to set aside a verdict on the ground, among others, that erroneous instructions were given, and it appears that a binding instruction was given which submitted to the jury a question of law on a controlling issue, the appellate court will not disturb the order setting aside the verdict.   (p. 435.)

    (Appeal and Error, 4 C. J. § 2557.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Mercer County.

Action by Ellen Howard against the Virginian Railway Company. The trial court set aside a verdict for plaintiff and granted a new trial, and plaintiff brings error.

*Affirmed.*

*Walter Burton* and *W. H. Malcolm,* for plaintiff in error.

*Brown, Jackson & Knight* and *Williams, Loyall & Tunstall* and *Harry C. Ellett* and *Martin & Wingfield,* for defendant in error.

LIVELY, JUDGE:

Ellen Howard, plaintiff below and plaintiff in error, obtained a verdict against defendant railroad company for $300.25 as damages to her health and for physical pain and anguish caused by defendant's servants in killing and burying a cow on her husband's lot where she resides, and within her sight and hearing. The court set aside the verdict and granted a new trial, and she here complains of the court's action in so doing, by this writ.

In her declaration she says that defendant's train struck a cow and knocked it down the railroad embankment into her yard, and defendant negligently and carelessly left it there in a dying condition within her sight for twenty-four hours, and then without her consent came into the yard and negligently and carelessly killed the cow and buried it on her husband's premises in her presence and within her sight; and she being a weak and nervous woman, easily scared and excited, was by said acts of defendant shocked, scared, became ill, suffered mental and physical pain and anguish, and continued to be sick for seven months; wherefore she has been damaged $10,000.

Upon the issue of not guilty, the parties went to proof, and upon instructions and argument of counsel, the jury returned the verdict. The motion to set aside the verdict was because the verdict was contrary to the law and evidence, introduction of improper evidence, refusal of proper evidence, and in the giving and refusing of instructions.

It appears that when the husband came from his work late in the afternoon, after the cow was knocked down the embankment, he asked a near by telegraph operator to notify defendant to take the cow off his premises. Early the next morning the section foreman and workmen came to do so, and finding the cow with her legs broken, and mangled and about dead, struck her on the head with a hammer and killed her without breaking the skin on her head. The striking and killing of the cow, which plaintiff says she witnessed, caused her pain and weakness, and from then, according to her story,

she became ill. A month before she had given birth to a child, and during her child-bed illness, an unusual flood came, causing her removal from the dwelling. She experienced no ill effects from the flood, but being a naturally weak and nervous woman for many years previous, and not having fully recovered her usual strength incident to the birth of the child, the killing of the cow caused her pain and anguish and mental and physical suffering from which she remained ill for many months. Such was her evidence.

The section foreman says he saw no one present except the men with him, when he struck the cow with the hammer, and after having put her out of her misery, he went around to the porch where he found plaintiff, and obtained permission from her to bury and he did bury the cow on the lower end of the lot. Plaintiff denied that she gave such permission.

Plaintiff contends that the foreman and his co-employees were trespassers, and the act of killing the cow was unlawful, and the killing and burying in the plaintiff's sight and hearing caused her illness and suffering. It is argued that they were trespassers in the sense that they did not do what they were invited on the premises to do, namely, to remove the cow from the premises. The claim is that while they were not trespassers ab initio, their action in killing the cow and burying it, made them trespassers, and defendant must suffer for any injury resulting directly or indirectly from their tort.

It is not the purpose to review all the evidence. There is much conflict. Enough of it is stated for the purpose of considering an alleged erroneous instruction. The court refused to give the instructions offered, and gave two on his own motion, over objection of defendant. One instruction told the jury that if it believed from the evidence that defendant's servants wrongfully and unlawfully entered the husband's premises and killed the cow in the sight and hearing of plaintiff, and that the killing of the cow caused a nervous shock and the physical ills complained of, they should find for the plaintiff. The court took the view that if defendant wilfully committed a tort, it was liable for the

natural consequences thereof, even though such consequences were not foreseen. Whether such theory is proper under the circumstances of this case we express no opinion. The instruction, even if otherwise proper, is erroneous in that it tells the jury to say whether defendant was lawfully upon the husband's premises—whether it was or was not a trespasser. Whether certain facts constitute a trespass is a question of law for the court; whether these certain facts exist is generally a question for the jury. *Gusdorff* v. *Duncan*, 94 Md. 160. It is very well established that questions of law should never be submitted for jury determination. *Tracewell* v. *County Court*, 58 W. Va. 283; Vol 3 Va. & W. Va. Cumm. Supp. Digest, page 757. Moreover, it is very doubtful if the facts will sustain a finding that defendant's servants were trespassers on the lot at the time the cow was struck with the hammer. They had been notified by the husband to come on the premises and remove the cow. The fact that the cow was killed after they had entered the premises by invitation or command would not change the entry into a tortious one. The giving of this instruction was sufficient to justify the setting aside of the verdict. We will not review the evidence on the proposition of its insufficiency to sustain the verdict and as against the law. Inasmuch as the order setting aside the verdict is sustained on the above ground, it will be unnecessary, and perhaps improper to review the evidence with the purpose of ascertaining its sufficiency for a recovery. New evidence may be produced, and a different case made on the new trial. It is the usual practice not to review evidence where a new trial has been awarded, unless necessary. *Browning* v. *Hoffman*, 86 W. Va. 468; 103 S. E. Reporter 484; *Martin* v. *Supply Co.*, 88 W. Va. 471. There may be other sufficient reasons moving the court to grant a new trial. And an order awarding a new trial will not be set aside by the appellate court unless it is clear that it is not warranted. The reason is pointed out by Judge Lynch in *Wilson* v. *Fleming*, 89 W. Va. 553.

The order is affirmed.

*Affirmed.*