# Richmond

## M. OSBORNE JONES V. A. M. FRANKLIN.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Sam B. Witt, Jr.,* for the plaintiff in error.

*Louis S. Herrink,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The plaintiff in error, plaintiff in the trial court, brought an action of detinue for recovery of an automobile alleged to have been taken from his possession by the defendant, Franklin.

The defendant filed a plea of *non detinet* and a special plea setting forth that on the 2nd day of June, 1930, defendant, trading as Franklin Motor Company, under a written contract sold to plaintiff the automobile in question for the sum of $780.00 cash and $1,000 balance, payable quarterly, in even installments of $250.00 each, evidenced by four negotiable notes described in the written contract of sale; that on December 2, 1930, plaintiff defaulted in the payment of the sum of $250.00 then due and payable, and thereafter the defendant repossessed the automobile under the provisions of the contract applicable to a default in payment.

At the conclusion of the plaintiff's evidence the defendant made a motion to strike out the evidence, which motion the court sustained. Whereupon, there was a verdict for the defendant, which the plaintiff moved to set aside. The court overruled plaintiff's motion and entered judgment on the verdict of the jury.

There is no dispute that plaintiff and defendant entered into a written conditional sales contract which was duly recorded.

The plaintiff's case rests upon this proof: Plaintiff testified that, prior to the execution of the written contract, there was an agreement between defendant and himself that if there should be, within the next year, a reduction in the price of the make of automobile purchased by him that defendant would refund to the plaintiff one-half of such reduction; that plaintiff paid the notes given as they matured, until the note due on December 2, 1930; that prior to that date the defendant had by public advertisement announced a reduction of $300.00 in the price of automobiles of the type purchased; that on the date the December note was due, plaintiff sent defendant a check for $100.00 and advised him that he had taken credit for $150.00, according to the alleged agreement; that defendant refused to accept the tendered check and thereafter repossessed the automobile. When called as a witness by the plaintiff, defendant denied *in toto* that he had made such an agreement as alleged by plaintiff.

It is contended by plaintiff that evidence pertaining to the parol agreement was admissible on the following grounds:

"1. Because it clearly showed that the conditional sales agreement was neither the written memorial of the contract of sale nor was it intended to be.

"2. For the reason that it was proper, where the facts were controverted, that a jury should determine what was the true contract between the parties.

"3. On the grounds that the plaintiff was entitled to show such facts on agreements arising out of the sale of the automobile as would repel the effect of any right given by the conditional sales agreement.

"4. And for the further reason that section 5562-a of the Code of Virginia provides that such evidence of agreements are admissible."

The motion of the defendant to strike out the evidence was based on the ground that it was inadmissible because it varied the terms of the written contract between the parties and was in violation of the parol evidence rule.

The general rule sustained by the great weight of authority is, that parol testimony cannot be received to vary, contradict, add to or subtract from the terms of a written instrument. Jones on Evidence, page 543; Freeman's Notes, 11 Am. St. Rep. 394.

The exceptions to the general rule are equally well recognized. In cases of fraud or duress, parol evidence is admissible to show that the instrument never had any legal existence. It is likewise true that parol evidence may be introduced to show that the contract is tainted with illegality. Another of the well recognized exceptions to the general rule against varying the terms of a written contract by parol evidence is that the rule does not apply in all cases to exclude evidence when there is reliance upon a mistake of fact.

The unquestioned rule in regard to the sale of personal property is that where a written contract for the sale of personal property is manifestly a completed contract upon its face, and there is no claim of fraud or mistake, the general rule applies with full force.

The holding of this court is succinctly stated by Judge Harrison in *Slaughter* v. *Smither*, 97 Va. 202, 33 S. E. 544, as follows:

"The general principle that evidence of a contemporaneous parol agreement is not admissible to vary or contradict the terms of a valid written instrument, except in cases of fraud or mistake, is so familiar and well established that citation of authority in its support would seem to be superfluous. It is a principle founded in wisdom, and cannot be too carefully guarded. Upon its enforcement the certainty and sanctity of written contracts depend, and its violation would be destructive of the most solemn transactions of life. This court has so often, in elaborate opinions,

discussed this subject, and adhered without variation to the rule of evidence adverted to, as an established axiom of our jurisprudence that nothing further can be added without useless repetition. See *Towner* v. *Lucas,* 13 Gratt. (54 Va.) 705; *Woodward, Baldwin & Co.* v. *Foster,* 18 Gratt. (59 Va.) 200; *Martin* v. *Lewis,* 30 Gratt. (71 Va.) 672 (32 Am. Rep. 682); [*Citizens' Nat.*] *Bank* v. *Walton,* 96 Va. 435, 31 S. E. 890."

In the case at bar neither fraud nor mistake is relied upon by the plaintiff. The contract between the parties provides that all conditions and agreements are covered in the written agreement. The contract specifically provides that the deferred acceptances are to be discharged by the payment of money. It further provides repossession of the automobile by defendant, when there has been a default in payment of any one of the acceptances. Plaintiff is seeking by the application of an alleged credit to which he claims he is entitled, to avoid the effect of a default in the payment of the December installment. This of itself is a patent attempt to vary the terms of the written contract which calls for a discharge of the indebtedness by the payment of money. Therefore, the evidence on that ground is clearly inadmissible.

A conditional sales contract is valid in law, and when on its face it indicates a clear and complete memorial, it will not be assumed that it was designed as an imperfect expression which permits the introduction of parol evidence to make its meaning clear. As said in *Slaughter* v. *Smither, supra:* "And to permit parties to lay a foundation for adding to the contract by oral testimony that they agreed that part only of their contract should be reduced to writing would open the door to the very evil the rule was designed to avoid. The only evidence of the completeness of a written contract, as a full expression of the terms of the agreement, is the contract itself. Where parties have deliberately put their mutual engagements into writing in such language as imports a legal obligation, it is only reasonable to pre-

sume that they have introduced into the written instrument every material term and circumstance; and consequently all parol testimony of conversations held between them, or declarations made by either of them, whether before, after, or at the time of the completion of the contract, will be rejected. If the written contract purports to contain the whole agreement, and it is not apparent from the writing itself that something is left out to be supplied, parol evidence to vary or add to its terms is not admissible."

We now come to a discussion of the contention of plaintiff that the evidence was admissible under the provisions of section 5562-a of the Code. That section provides:

"No contract in writing entered into between a citizen of this State and any person, firm, company or corporation, domestic or foreign, doing business in this State, for the sale and future delivery of any goods or chattels, machinery or mechanical devices, or personal property of any kind or sort whatsoever, shall be binding upon the purchaser, where the form is printed and furnished by the person, firm, company, or corporation, unless all of the provisions of such contract are clearly and plainly printed or written, and where printed such provisions and covenants and all stipulations as to the rights of the vendor shall be in type of not less than the size known as ten point; and, wherever in such contract, printed upon a form furnished by the vendor, it is stipulated that said vendor is not to be bound by any verbal agreement or modification of the terms of such printed contract, then such stipulation shall be printed as a separate paragraph or paragraphs and in type not smaller than pica. * * *"

The argument of plaintiff on that score is:

"The facts of the case at bar show that the written instrument which it is maintained is the contract between the parties, was between persons of this State; was for the sale of an automobile; the title thereto was reserved and to be delivered in the future; it was printed upon a form furnished by the vendor and contained the stipulation 'that

the within contract covers all conditions and agreements between the parties.'

"This stipulation was not contained in a separate paragraph as provided for by this section."

The answer thereto is found in that clause of the contract reading thus: "That seller in consideration of payments and agreements herein contained which on the part of the purchaser are to be made and performed, *has this day sold and delivered* \* \* \* the following motor vehicle \* \* \*. Purchaser acknowledges receipt of the above described motor vehicle \* \* \*." (Italics added.)

In *Moore* v. *Aetna Co.,* 155 Va. 575, 155 S. E. 707, 713, section 5562-a of the Code, was construed by Chief Justice Prentis. There we read:

"The point is made that the contract evidenced by clause 8 of the application for bond is not printed in ten point type. *As stated by the commissioner, this act is for the protection of a purchaser of goods sold for future delivery on the representations of an agent.* Its object is to permit the introduction of oral evidence by the purchaser contradictory of and inconsistent with provisions of the contract which are printed in small type. It is for the protection of such a purchaser and has no application to this contract. In cases in which it is applicable, the rule of evidence is changed—that is, the statute permits the purchaser to introduce parol evidence to contradict the provisions of the sales contract, unless such provisions are printed in ten point type. It merely changes the rule of evidence in such cases. So this court has held in the case of *Piedmont* v. *Buchanan,* 146 Va. 627, 131 S. E. 793, 795: 'The plain purpose of that act was to change the common-law rule as to contemporaneous parol agreements altering and modifying contracts of the particular description therein mentioned, which are not printed or written in the manner and form required by the act.' " (Italics added.)

The contract under review is not for the sale and future delivery of goods and chattels, but is a contract evidencing

a present sale and delivery of the automobile in question, and is not affected by the Code provision.

We find no error in the judgment of the trial court and it will be affirmed.

*Affirmed.*