LOREN SHAFFER, *dba* WHITESVILLE MOTOR SALES

*v.*

CALVERT FIRE INSURANCE COMPANY

(No. 10243)

Submitted October 4, 1950. Decided December 12, 1950.

154

*John M. Stephens, P. W. Hendricks,* for plaintiff in error.

*G. Steve Millhouse, M. O. Litz,* for defendant in error.

HAYMOND, JUDGE:

This case is here on writ of error, awarded the plaintiff, Loren Shaffer, doing business as Whitesville Motor Sales, to an order of the Circuit Court of Boone County, which set aside a verdict for $950.00 in favor of the plaintiff, assignee of Noble Q. Jarrett, in an action of assumpsit instituted in that court to recover the proceeds of a policy of fire insurance on a Ford automobile truck issued to Jarrett by the defendant, Calvert Fire Insurance Company, a corporation. To the declaration, in the short form provided by the statute, Code, 1931, 56-4-17, filed at September Rules, 1948, the defendant entered its plea of non assumpsit. It did not, however, file any written statement of defense as provided by Code 56-4-21. The action was tried, and the verdict rendered by the jury, on February 8, 1949. On motion of the defendant, the circuit court set aside the verdict and awarded a new trial, on the ground that the plaintiff did not have an insurable interest in the property covered by the policy at the time of the loss, and entered an order to that effect on April 19, 1949.

In February, 1948, Jarrett purchased from the plaintiff a 1941 Ford automobile truck which the defendant insured against loss by fire and other designated risks by the policy on which this action is based. On May 1, 1948, the plaintiff and Jarrett entered into an arrangement by which Jarrett purchased from the plaintiff, un-

der a written agreement of the type commonly known as a conditional sales contract, a 1942 used Plymouth sedan automobile and returned the Ford truck. Under the arrangement Jarrett delivered the truck to Shaffer, an automobile dealer, at his place of business in Whitesville where it was left in the street in front of his parking lot. At the time of the arrangement, Jarrett, who resided about fifteen miles from Whitesville, took possession of the Plymouth automobile, and he continued to possess and use it at the time of the trial of this action. He entered into and signed the conditional sales contract which set forth the terms upon which he purchased the Plymouth automobile. He also had the title and the license plates for the Ford changed to the Plymouth by the Department of Motor Vehicles and paid the sales tax in connection with the purchase. The conditional sales contract between Jarrett and the plaintiff, introduced in evidence by the defendant, states that Jarrett purchased the Plymouth at the price of $1150.00, which embraced a cash payment of $391.00 and an unpaid residue of $952.00, in which were included $759.00 of the purchase price and insurance, recording and finance charges of $193.50, all of which Jarrett agreed to pay in fifteen monthly installments of $63.50 each. The contract contained no provision which permitted the purchaser to rescind the purchase, or to return the Plymouth and retake the Ford. Subject to the usual provisions relative to the rights of the seller in case of default in the payment of deferred installments by the purchaser, the contract shows an outright and completed sale of the Plymouth by the plaintiff to Jarrett, the purchaser. The contract also contains this provision: "This agreement constitutes the entire contract and no waivers or modification shall be valid unless written upon or attached to this contract, and said Car is accepted without any express or implied warranties, agreements, representations, promises or statements unless expressly set forth in this contract at the time of purchase." This agreement and the right, title and interest of the seller under it in and to the Plymouth auto-

mobile purchased by Jarrett were assigned by the seller to Commercial Credit Company on May 1, 1948.

Sometime during the month of May, 1948, and before the expiration of thirty days from the date of the conditional sales contract, the Ford automobile, while in the possession of the plaintiff, was destroyed by fire; and on May 25, 1948, after the occurrence of the fire, Jarrett assigned the policy of insurance, and his rights under it, to the plaintiff who, as assignee, instituted this action.

Upon the trial Jarrett and the plaintiff both testified, over the objection of the defendant, that, as part of the transaction covered by the written contract, they entered into a verbal agreement by which Jarrett was given an option, for a period of thirty days from the date of the sale, to return the Plymouth, retake the Ford, and cancel the contract. The reason he was given the option, according to Jarrett, was to afford sufficient time for his wife to decide whether the Plymouth was satisfactory and whether she desired him to keep it permanently. Despite the existence of the verbal agreement, as testified to by Jarrett and the plaintiff, Jarrett admitted, on cross-examination, that he had received and retained possession of the Plymouth, had caused the license plates issued for the Ford to be changed to the Plymouth, and had paid the tax imposed by law upon him as the purchaser of that automobile. The circuit court sustained the motion of the defendant to exclude the testimony relating to the verbal agreement, but later, during the trial, reversed its ruling upon the motion and permitted that testimony to be considered by the jury.

The circuit court submitted to the jury the question whether the insured had an insurable interest in the Ford automobile at the time of the loss. At the instance of the plaintiff and over the objection of the defendant, it also gave the jury this instruction: "The Court instructs the jury that if you believe from the evidence that at the time the insured Ford truck was destroyed

by fire, there was an existing agreement between the plaintiff, Loren Shaffer, and the witness, Noble Jarrett, to the effect that even though the truck had been delivered to Mr. Shaffer, Jarrett, if he so decided, could have reacquired the truck from Mr. Shaffer, then Jarrett had an insurable interest in the truck, and, after the loss occurred, he could assign his right to recover on the policy to another person; and if you believe that Jarrett had such an insurable interest, and if you further believe that Jarrett made an assignment of his right to Loren Shaffer, the plaintiff in this case, then you may find for the plaintiff and assess his damages at an amount not in excess of $950.00."

The insurance policy provides automatic insurance for newly acquired automobiles and, among others, contains this clause: "If the insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within thirty days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date: (a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, * * *."

The principal grounds on which the plaintiff relies to support his assignments of error are: (1) By its verdict the jury found that Jarrett had an insurable interest in the Ford automobile at the time of the fire and that finding, being based on conflicting evidence, should not be disturbed by the court; and (2) the defendant, not having filed a statement of defense, can not take advantage of the automatic insurance clause in the policy as a defense to the claim of the plaintiff. On the contrary, the defendant insists, in substance: (1) That the evidence does not establish a valid verbal agreement between the plaintiff and Jarrett with respect to his claimed right to return the Plymouth automobile and retake the Ford automobile; (2) that Jarrett, at the time of the loss, did not have an insurable interest in the Ford automobile; and (3) that

the defendant, without filing a statement of defense, was entitled to rely upon the automatic insurance clause of the policy as a complete defense to the claim of the plaintiff.

The written conditional sales contract between the plaintiff and Jarrett relating to his purchase of the Plymouth contains no provision which entitled Jarrett to rescind that contract or to return the Plymouth and retake the Ford within thirty days or during any other period of time. The written contract between them is clear and free from fraud or ambiguity and is full and complete. It expresses the agreement of the parties to it and by its terms and provisions is the "entire contract" and permits no valid waivers or modification unless written upon or attached to it. The testimony of Jarrett and of the · plaintiff, introduced in his behalf, with respect to the verbal agreement between them, shows clearly that the agreement was entered into as part of, and contemporaneously with, the written contract which governed the purchase of the Plymouth by Jarrett. The evidence shows that Jarrett delivered the Ford to the plaintiff as part of the purchase price of the Plymouth and, for the Ford, was credited by the plaintiff with the cash payment of $391.00 recited in the written contract. The parol evidence rule, whether regarded as a rule of evidence or as a rule of substantive law, inhibits the introduction of parol evidence to contradict, add to, alter, enlarge, or explain the expressed intention of the parties to a written agreement which is free from ambiguity, or to vary its legal effect. That well settled and universally recognized rule applies to the verbal agreement between Jarrett and the plaintiff, the purpose of which was to contradict, add to, vary, alter, enlarge or explain the terms of the contemporaneous written contract between them, and renders the evidence with respect to the verbal agreement incompetent and inamissible. *Kanawha Banking and Trust Company* v. *Gilbert*, 131 W. Va. 88, 46 S. E. 2d 225; *Jackson* v. *Jackson*, 84 W. Va. 100, 99 S. E. 259; *Mineral Ridge Manufacturing Company* v. *Smith*, 79 W. Va. 736, 91 S. E. 817;

*Clarksburg Board of Trade Land Company* v. *Davis,* 77 W. Va. 70, 86 S. E. 929; *McCoy* v. *Ash,* 64 W. Va. 655, 63 S. E. 361; *Duty* v. *Sprinkle,* 64 W. Va. 39, 60 S. E. 882; *Martin* v. *Monongahela Railroad Company,* 48 W. Va. 542, 37 S. E. 563. A written conditional sales contract between the seller and 'the purchaser of an automobile was involved in the Virginia case of *Jones* v. *Franklin,* 160 Va. 266, 168 S. E. 753. In that case the plaintiff, the purchaser of the automobile, sought to prove a prior verbal agreement which contradicted, varied and explained the complete written contract. The trial court held that the evidence to establish the verbal agreement violated the parol evidence rule and was inadmissible. In affirming this action of the trial court, the Supreme Court of Appeals of Virginia, in the opinion, said: "A conditional sales contract is valid in law, and when on its face it indicates a clear and complete memorial, it will not be assumed that it was designed as an imperfect expression which permits the introduction of parol evidence to make its meaning clear."

It is clear that without the incompetent evidence relating to the verbal agreement, Jarrett, by delivering the Ford to the plaintiff and in exchanging it in part payment for the Plymouth, divested himself absolutely of all his right, title and interest in and to the Ford and, in consequence, did not have an insurable interest in it at the time it was destroyed by fire. "Property insurance, being solely for indemnity, is valid only when the insured sustains such a legal relation to the property insured as that its destruction will entail upon him a pecuniary loss or liability." Vance on Insurance, Chapter IV, Paragraph 46, page 106. Generally a person has an insurable interest in the property insured when he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage or incur liability from its injury or destruction if the event insured against occurs. *Fire Association of Philadelphia* v. *Ward,* 130 W. Va. 200, 42 S. E. 2d 713; *Scott and Callaway* v. *Dixie Fire Insurance Company,* 70 W. Va. 533, 74 S. E. 659, 40 L. R. A. (N.S.) 152; *Murdock* v. *Franklin Insurance Company,* 33

W. Va. 407, 10 S. E. 777, 7 L. R. A. 5'72; 44 C. J. S., Insurance, Section 175b; 29 Am. Jur., Insurance, Section 322; Vance on Insurance, Chapter IV, Paragraph 47, page 106; *American Equitable Assurance Company of New York* v. *Powderly Coal and Lumber Company*, 221 Ala. 280, 128 So. 225. A person does not have an insurable interest in an automobile when his only right to it arises under an agreement which is void or unenforceable, at law or in equity. 5 Am. Jur., Automobiles, Section 513; *Hessen* v. *Iowa Automobile Mutual Insurance Company*, 195 Iowa 141, 190 N. W. 150, 30 A. L. R. 657.

In the field of insurance law the well established general principle is that to entitle the insured to the proceeds of an insurance policy he must have an insurable interest in the property insured when the contract of insurance is made and when the loss insured against occurs. *Sheppard* v. *Peabody Insurance Company*, 21 W. Va. 368; 44 C. J. S., Insurance, Section 175c; 29 Am. Jur., Insurance, Section 323. If the insured has divested himself of his insurable interest in the property at the time of the loss insured against, he can not recover under the policy of insurance. In *Hessen* v. *Iowa Automobile Mutual Insurance Company*, 195 Iowa 141, 190 N. W. 150, 30 A. L. R. 657, a case involving the theft of an automobile, the Supreme Court of Iowa said: "An insurable interest is necessary to the validity of a policy, regardless of its subject-matter. If no insurable interest exists, the contract is void, and no recovery can be had thereon in case of loss either by the insured or his assignee; * * *." As Jarrett, the insured, had no insurable interest in the Ford at the time it was destroyed by fire, and was not entitled to the proceeds of the policy, he could not successfully sue the insurer to recover them, and the plaintiff, as his assignee, can not maintain this action.

The competent evidence in the case, which included the written conditional sales contract, is not conflicting and shows that the insured did not have an insurable interest in the Ford automobile when it was destroyed by fire, and the circuit court should not have instructed the

jury on that question or submitted it to the jury. Under the undisputed evidence that question was a question of law for the court, and not a question of fact for the jury. An instruction which submits a question of law for jury determination is erroneous and should be refused. *State v. Hudson,* 128 W. Va. 655, 37 S. E. 2d 553, 163 A. L. R. 1265; *Howard* v. *Virginian Railway Company,* 102 W. Va. 432, 135 S. E. 386; *Britton* v. *South Penn Oil Company,* 73 W. Va. 792, 81 S. E. 525. As already pointed out, the evidence to establish the verbal agreement was inadmissible and, for that reason, the instruction which was based, in part, on this evidence, should have been refused. "It is error to give an instruction based on inadmissible evidence." Point 4, syllabus, *Anderson* v. *Lewis,* 64 W. Va. 297, 61 S. E. 160.

The contention of the plaintiff that, under the statute, Code, 56-4-21, the defendant can not introduce the automatic insurance provision of the policy as a defense to the claim of the plaintiff in this action because it is not set forth in any statement of defense, is not well founded. The statute permits the defendant in an action of covenant, debt or assumpsit, to plead that he is not liable to the plaintiff as alleged in his declaration whether or not the declaration or count on a policy of insurance be in the form prescribed by statute. Under the statute, however, in order to present or take advantage of any defense that an action on a policy of insurance can not be maintained because of the failure to perform or comply with, or the violation of, any clause, condition or warranty in, upon or annexed to the policy, the defendant must file a verified statement in writing specifying by reference, or otherwise, the particular clause, condition or warranty in respect to which such failure or violation is claimed to have occurred. The plaintiff, in support of his contention, cites and relies upon, the case of *Rosenthal Clothing and Dry Goods Company* v. *Scottish Union and National Insurance Company,* 55 W. Va. 238, 46 S. E. 1021. The holding in that case, however, has no present application. In that case this Court dealt with a defense under the statute, then Section 64, Chapter 125, Code of 1899,

based upon the failure of the plaintiff, the insured, to comply with certain warranties in the policy on which the action was based. In the opinion this Court used this language: "The statute does not shift the burden of proof, but it does dispense with proof of observance of a clause or condition when there is no statement calling that particular clause or condition in question. Looking at the broad words of section 64 we cannot say that it applies to some clauses and not to others. Common law pleading did require the declaration to aver compliance with conditions precedent; but this statute changes that. It is a remedial statute and must be liberally construed."

The defendant does not contend that the insured has failed to perform or has violated any particular effective clause, condition, or warranty in the policy of insurance. In asserting its right, under the general issue, to present the automatic insurance clause of the policy as a defense, the defendant does not rely upon failure to perform or comply with, or violation of, any valid or effective clause, condition, or warranty in the policy, but upon a provision which, if invoked and made effective by the insured, would have shifted or transferred the insurance coverage from the Ford to the Plymouth and by so operating defeat the claim of the plaintiff. The requirement of the statute with respect to a verified statement of defense in an action upon an insurance policy relates to the failure to perform or comply with, or the violation of, a clause, condition, or warranty in the policy and does not apply to a provision which constitutes a defense to the claim of a plaintiff and which has not been violated by the insured or the beneficiary.

The clause upon which the defendant relies, however, by its provisions, is not operative unless the insured invokes or takes advantage of it by giving notice of his acquisition of another automobile in place of the automobile insured by the policy. When the insured becomes the owner of another automobile to replace the automobile described in the policy, and so notifies the insurer within the designated period of time, the foregoing clause

operates to transfer the insurance from that automobile to the newly acquired automobile. The evidence does not show or indicate that Jarrett, the insured, made the clause effective by giving the requisite notice to the insurer and, for that reason, it did not transfer the insurance provided by the policy from the Ford to the Plymouth. The insurance on the Ford was terminated, as already indicated, because the insured did not have an insurable interest in it at the time of the loss, and not by virtue of the automatic insurance clause. If that clause had become operative, it could have been introduced by the defendant and considered under its plea of non assumpsit, and it would not have been necessary to plead it in a statement of defense. Because it was not in force or effect, it did not constitute a valid defense, and was not admissible in evidence, under the plea of the general issue or under a statement of defense. For that reason, and not because it was offered under the plea of non assumpsit, the clause could not be given effect.

For the reasons indicated, the order of the circuit court, which set aside the verdict and awarded a new trial, is affirmed.

*Affirmed.*