# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Steven Hunter and DeEtta King Hunter,**
**Respondents Below, Petitioners**

**vs.)  No. 22-0230** (Greenbrier County No. 21-P-45)

**Paula Blankenship, as trustee of the**
**Paula Blankenship 2012 Revocable Trust**
**Dated February 21, 2012, and Fathom**
**Realty, LLC,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioners Steven Hunter and DeEtta King Hunter appeal the February 28, 2022, order of the Circuit Court of Greenbrier County granting respondents' motion for summary judgment and confirming the decision, issued on August 12, 2021, by the mediator selected by the parties. Respondents Paula Blankenship ("Respondent Blankenship"), as trustee of the Paula Blankenship 2012 Revocable Trust dated February 21, 2012 ("Blankenship Trust"), and Fathom Realty, LLC ("Fathom Realty") jointly respond in support of the circuit court's order.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

At the outset we note that petitioners' brief fails to comply with Rule 10(c) of the West Virginia Rules of Appellate Procedure by including few citations to fact or law and failing to include an argument section. As this Court noted recently in *Metro Tristate, Inc. v. Public Service Commission of West Virginia*, 245 W. Va. 495, 445, 859 S.E.2d 438, 502 (2021), a failure to comply with Rule 10 generally results in a "disjointed, poorly written, or difficult to understand brief." Petitioners "should not anticipate that this Court will find or make their arguments for them." *Id*. However, to accomplish substantial justice in the limited circumstances of this case, the Court has nevertheless examined the briefs and the appendix record to consider petitioners' appeal. *See* W. Va. R. App. P. 2.

---

[1] Petitioner Steven Hunter, an attorney, is self-represented and also represents petitioner DeEtta King Hunter. Respondent Paula Blankenship appears by counsel J. Michael Anderson. Respondent Fathom Realty, LLC appears by counsel Stuart A. McMillan and William M. Lorensen.

Petitioners, as purchasers, and Respondent Blankenship,[2] as seller, entered into a real estate purchase agreement dated February 19, 2021. Pursuant to a Notice of Agency Relationship form, Rebecca Gaujot of Fathom Realty acted as the listing agent on behalf of the seller, Respondent Blankenship. Shortly before closing, Petitioner Steven Hunter, who asserts he is also a licensed broker, claimed that he was entitled to a buyer's agent commission. Petitioners also disputed that they owed $5,986.50 for deed preparation, transfer tax, and other costs associated with the transaction. On March 31, 2021, Respondent Paula Blankenship, petitioners, and David Moore, as the escrow agent, entered into an escrow agreement to address the issues raised by petitioners. Respondent Fathom Realty is identified as broker in the escrow agreement but did not sign it. This escrow agreement states:

> **WHEREAS**, there is a question as to which party is entitled to the Buyers' agent's commission due in the amount of $12,500.00;
>
> **WHEREAS**, there is further a question as to which party should pay the Deed Transfer stamps pursuant to the Purchase Agreement dated February 19, 2021 and executed by the Seller and Buyers;
>
> **WHEREAS**, the parties hereto have agreed to proceed to closing with these unresolved issues. The parties hereto agree to escrow the amount of the commission in question and the seller agrees to pay the deed stamps at closing. The parties hereto do hereby agree that a mutually agreeable party shall mediate this dispute and upon said mediator's decision, the commission being held in escrow shall be paid by the Escrow Agent to the prevailing party. The parties do also further agree that should the mediator rule that the Buyers were responsible and liable for the payment of the Deed Transfer stamps and Deed Preparation, the Buyers shall promptly pay the Seller the amount of $5,736.50 as reimbursement of said Deed Transfer stamps and $250 for the deed preparation paid to complete the closing. The parties hereby agree that said mediation shall be binding upon all parties.

Pursuant to the agreement, $12,500 was deposited in the escrow account and, ultimately, the parties agreed on a mediator. On August 11, 2021, the parties participated in an unsuccessful mediation. Thereafter, the mediator issued his "Binding Mediation Decision" ("decision") on August 12, 2021. In that decision, the mediator noted that he reviewed all evidence, even parol evidence, presented by the parties. However, he concluded that the unambiguous language of the purchase agreement precluded the use of parol evidence to vary the terms of that agreement. The mediator found petitioners to be responsible for payment of the deed transfer stamps and deed

---

[2] The purchase agreement lists Respondent Blankenship as seller of the property with no explicit reference to the Blankenship Trust; however, the escrow agreement describes the property conveyance from Respondent Blankenship to the Blankenship Trust and identifies Respondent Blankenship as trustee of the Blankenship Trust as seller. The decision issued by the mediator likewise refers to the Blankenship Trust as the owner and seller of the subject real estate. Only the escrow agreement is before this Court.

preparation. Further, based on Fathom Realty's Notice of Agency Relationship[3] form accompanying the purchase agreement, the mediator concluded that petitioners were not entitled to receive the funds held in escrow as a potential buyer's agent commission.

Petitioners disputed the decision, and respondents filed in the circuit court a "Motion to Confirm Binding Mediation Decision and Enter Judgment Thereon," citing West Virginia Code § 55-10-24, which permits a party to file a motion in court to confirm an arbitration award.[4] In the motion, respondents note that the escrow agreement reflected the agreement between the parties that if no resolution could be reached through mediation, the mediator would decide the outstanding issues and that this made the process a mediation/arbitration. Petitioners filed an "Answer and Motion to Set Aside," seeking a declaration from the circuit court that the decision was null and void because, among other arguments, the mediator acted as an arbitrator, no notice was given, no guidelines were in place, and the specific requirements of the Uniform Revised Arbitration Act, West Virginia Code §§ 55-10-1 to 33 (the "Act"), were not met. Petitioners attached various exhibits to their response.

Respondents filed a motion for summary judgment arguing that the plain and unambiguous language of the escrow agreement empowered the mediator to issue a binding decision on any disputed issues between the parties not resolved by the mediation. Respondents noted that petitioners did not dispute entering into the escrow agreement, which is a contract, and asserted that no statutory basis exists to modify the award. An affidavit setting forth the communications between the parties regarding the time and place of the mediation, along with the selection of the mediator, was attached to the respondents' motion in response to petitioners' contention that lack of notice was an issue in this case. Finally, respondents asserted that petitioners had no defense on the underlying merits of the issues presented to the mediator. Petitioners' response argued that the civil court action was filed as a petition under the Act to enforce the decision reached by the mediator and that the Act does not apply to mediation. Petitioners largely reiterated their initial "Answer and Motion to Set Aside" and, relying heavily on the definition of mediation specifically applicable to domestic relations matters in West Virginia Code § 48-1-233.1, stated that the term "mediation" in the escrow agreement was misleading and deceptive.

The circuit court entered an order on February 28, 2022, granting respondents' motion for summary judgment. The court found that it was undisputed that the escrow agreement was a valid, enforceable contract signed by the parties and concluded that the only dispute was whether the decision issued by the mediator was enforceable in accordance with that agreement. The circuit

---

[3] West Virginia Code § 30-40-26(d) (2002) requires brokers, associate brokers and salespersons licensed under the West Virginia Real Estate License Act, West Virginia Code §§ 30-40-1 to 27, to provide a written notice of agency relationship in a real estate transaction "on the notice of agency relationship form promulgated by the commission."

[4] The required docket sheet was not included in the joint appendix record, but the circuit court order at issue specifies that the motion by respondents is the operative petition in this case. *See* W. Va. R. App. P. 7(d)(7) (specifying the complete docket sheet from the lower tribunal is required in an appendix record).

court also found that the terms of the escrow agreement were clear and unambiguous and so must be applied, not construed. While the circuit court found that it was clear that the parties intended to mediate the two unresolved issues set out in the agreement, it also concluded that it was clear the parties intended to allow the mediator to act as an arbitrator as to any issues unresolved by mediation based on the language of the agreement. In reaching this conclusion, the circuit court focused on the terms "mediator's decision," "should the mediator rule," and "mediation shall be binding upon all parties." For these reasons, the circuit court granted summary judgment for the respondents and confirmed the decision. Finally, the circuit court held that each party was to bear their own fees and costs. Petitioners appeal this order.

In this appeal, petitioners assert that the circuit court erred by using the Act to enforce a mediation procedure and erred in granting summary judgment to respondents. In their abbreviated submission to this Court, petitioners focused on the general definitions of mediation and arbitration, a claimed lack of notice of mediation, a lack of procedural guidelines, a failure to conduct a negotiated mediation, and the lack of an evidentiary hearing by the chosen mediator. Respondents filed a response in support of the circuit court's order, including a request for costs and fees, asserting, among other arguments, that the escrow agreement is clear and unambiguous as to the process agreed upon to resolve the two disputed issues identified in that agreement. In their brief, respondents state that the petitioners agreed to a binding mediation and that the process used did not need to meet the requirements of any formal arbitration statute because of the parties' agreement to utilize a binding mediation procedure. Our review of the circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

We agree with the circuit court that the escrow agreement in this case is, undisputedly, a valid, enforceable contract. The terms of the contract are clear and unambiguous and must be applied as written given the circumstances of this case. *See* Syl. Pt. 2, *Orteza v. Monongalia Cnty. Gen. Hosp.*, 173 W. Va. 461, 318 S.E.2d 40 (1984) ("'Where the terms of a contract are clear and unambiguous, they must be applied and not construed.' Syl. Pt. 2, *Bethlehem Mines Corp. v. Haden*, 153 W. Va. 721, 172 S.E.2d 126 (1969)."). Parol evidence is inadmissible to alter the terms of the clear and unambiguous escrow agreement. *See* Syl. Pt. 1, *Shaffer v. Calvert Fire Ins. Co.*, 135 W. Va. 153, 62 S.E.2d 699 (1950) ("Parol evidence to contradict, add to, alter, enlarge, or explain a complete written agreement, which is clear and unambiguous, or to vary its legal effect, is inadmissible."). Although largely ignored by the petitioners, the plain language of the escrow agreement indicating that the mediator would make a ruling or decision, and that it would be binding on the parties, cannot be avoided or made ambiguous by reference to more general definitions of mediation and arbitration.[5] The plain language of the escrow agreement demonstrates that the parties contemplated and agreed that the mediation would result in the

---

[5] Petitioners' citation to the general definition of mediation set out in West Virginia Code § 48-1-233.1 is inapposite to this case both because it is not a domestic relation matter under that article and because a different meaning is clearly apparent based on the language of the escrow agreement. *See* W. Va. Code § 48-1-201 ("For the purposes of this chapter the words or terms defined in this article, and any variation of those words or terms required by the context, have the meanings ascribed to them in this article. These definitions are applicable unless a different meaning clearly appears from the context.").

4

mediator making a binding decision should they be unable to reach a mutually agreed resolution, unambiguously modifying any general definition of the term mediation. In reaching this decision it is significant that Petitioner Steven Hunter, as a licensed attorney, is a sophisticated party. We further conclude, as did the circuit court, that the process utilized by the parties to resolve the two specified issues identified in the escrow agreement comported with the process described in that contract. As such, the parties are contractually bound by the decision reached through the resolution process that they selected and described in the escrow agreement. Finally, respondents' request for costs and fees in this proceeding is denied.

For the foregoing reasons, we find that the circuit court did not err in granting summary judgment to the respondents in this case, and we affirm the circuit court's February 28, 2022, order.

Affirmed.

**ISSUED:** June 16, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I respectfully dissent to the majority's resolution of this matter because the Petitioners' brief is wholly inadequate to permit this Court's meaningful consideration. Rule 10 of the West Virginia Rules of Appellate Procedure provides explicit instructions for the contents of appellate briefs filed with this Court. The brief Petitioners filed in this case fails to comply with these guidelines. Among other shortcomings, the Petitioners' brief is approximately two and one-half pages long, and it does not contain a table of contents; a table of authorities; a statement of facts; cites to the appendix record; cites to the governing law; or a separate argument section that plainly sets forth the errors assigned and an explanation as to why Petitioners are entitled to relief in this case with citations to the relevant facts and law. Failure to file a brief in accordance with these Rules is sanctionable by dismissing the noncompliant brief. *See* W. Va. R. App. P. 10(j). Accordingly, I would have dismissed this appeal for failing to comply with the West Virginia Rules of Appellate Procedure governing the contents of appellate briefs, and I respectfully dissent from the majority's decision to consider this case on its merits upon such a deficient brief.

5